# IN THE UNITED STATES DISTRICT COURT FOR THE

## SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

FILED JAN 4 '02 PM12:41 USDCALS

| | |
|---|---|
| ALFRED V. ABRAMS, *et al.*, | * |
| **Plaintiffs** | * |
| **vs.** | *  Civil Action 02-0012-BH-L |
| JACK TILLMAN, Sheriff of Mobile County, Alabama, and THE MOBILE COUNTY COMMISSION | * |
| | * |
| **Defendants** | * |
| | * |

## NOTICE OF REMOVAL

Jack Tillman, Sheriff of Mobile County, Alabama, and the Mobile County Commission, defendants herein, petition this Court to remove this action from the Circuit Court of Mobile County, Alabama, in which such action is now pending, to the United States District Court for the Southern District of Alabama, pursuant to *28 U.S.C. § 1441(b)*, and state:

1.      This action was commenced by plaintiffs in the Circuit Court of Mobile County, Alabama, Case No. CV99-3326, against the Mobile County Commission on October 12, 1999.   The Mobile County Commission was not served.

2.      On December 11, 2001, the plaintiffs amended their complaint and added Jack Tillman, Sheriff of Mobile County, Alabama as a defendant.   Defendant Jack Tillman was served on December 11, 2001.  The Mobile County Commission was also served on December 11, 2001.

3.    Copies of all documents filed in the Circuit Court of Mobile County are attached.

4.    This action is one which may be removed to this court by the petitioners, defendants therein, pursuant to *28 U.S.C. § 1441*, in that the action claims damages for overtime wages pursuant to the *Fair Labor Standards Act, 29 U.S.C. §207* over which this court has original jurisdiction.

5.    Written notice of the filing of this notice will be sent to plaintiffs as required by *28 U.S.C. § 1446(d)*.

6.    A copy of this notice will be filed with the clerk of the Circuit Court of Mobile County, Alabama as required by *28 U.S.C. § 1446(d)*.

6.    This Notice of Removal is timely under *28 U.S.C. § 1446(b)* in that thirty days have not expired since the defendants received a copy of the summons and complaint.

WHEREFORE, the defendants respectfully request this Court to accept jurisdiction of this action and that this action be placed on the docket of this Court for further proceedings as if this action was originally instituted in this Court.

Dated at Mobile, Alabama this 4th day of January, 2002.


Paul D. Myrick (MYRIP6654)


Elizabeth D. Rehm (REHME4348)
Kelly Collins Woodford (WOODK6462)
ADAMS AND REESE LLP
4500 One St. Louis Center
Mobile, Alabama 36602

2

Telephone (251) 433-3234
Facsimile (251) 438-7733

Attorneys for the Defendants

**OF COUNSEL**

Barry C. Prine, Esq.
Sintz, Campbell, Duke & Taylor
3763 Professional Parkway
Mobile, AL 36609
Telephone:  (251) 344-7241
Facsimile:  (251) 344-7400
Attorney for Jack Tillman,
    Sheriff of Mobile County, Alabama

Lawrence M. Wettermark, Esq.
Galloway, Smith, Wettermark & Everest
P.O. Box 16629
Mobile, AL 36619-0629
Telephone:  (251) 476-4493
Attorney for Mobile County Commission

## CERTIFICATE OF SERVICE

I, Elizabeth D. Rehm, one of the attorneys for the defendants, hereby certify that on the 4th day of January, 2002, I served a copy of the foregoing Notice of Removal on the plaintiffs by mailing a copy thereof in a duly addressed envelope, first class postage prepaid, to their attorney of record, Joseph O. Kulakowski, Post Office Box 2112, Mobile, Alabama 36652.

Elizabeth D. Rehm

3

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

ALBERT V. ABRAMS; TERENCE A.     *
ALLEN; GERALD G. ALLRED;     *
PAULA ANTONE; STANLEY M.     *
ARNOLD; DARRYL A. BENARD;     *
LEN L. BENDOLPH; MELISSA     *
BENDOLPH (LANG); ZSAQUEZ R.     *
BEVERLY; TAMMY BLACKMORE;     *
JAMES BREECH, IV; TAMARCUS     *
BREECH; GAIL D. BROWN;     *
KEITH BROWN; SHOMONA D.     *
BROWN; STEPHANIE Y.     *
BURROWES; LAWARNER H.     *      CASE NUMBER CV 99-003326
BUSH; ROSEMARY CALDWELL;     *
HAROLD CAWTHORNE;     *
MARILYN W. CHAPMAN; DORA J.     *
CHESTANG; DAVETTE W. COBB;     *
DAVID DALLAS; MIRANDA DAVIS;     *
PAULINE A. DAVIS; RODERICK D.     *
DAVIS; GWENDOLYN R. DAY;     *
TIMOTHY A. DEMINGS; AUSTON L.     *
DURGIN; XAVIA P. EDWARDS;     *
ZELDA D. EDWARDS; TORINA D.     *
ELDRIDGE; MELISSA ESSEX;     *
MARION L. FOSTER, *new petff*     *
KATONYA B. FROST; EDDIE     *
GAMBLE, III; GABRIEL GASTON;     *
BRIDGETTE D. GOODE;     *
ERNEST C. GOODE, JR.;     *
RODERICK L. GORDON, SR.;     *
VEBERLY A. GREEN; RIKKE H.     *
GRIFFIN; CLEON GULLEY;     *
MARTIN GWIN; ANTHONY D.     *
HARRIS; ROOSEVELT G. HARRIS;     *
TUNGLIA W. HAWKINS; BARON L.     *
HAYES; LEARA HENDERSON;     *
WANDA HENDERSON; DEBORAH     *
HENDRIX; CAROL B. HOLLOWAY;     *
TRACI HOLMES; MARCELLA     *
HOLTZ; MAURICE HOUSTON;     *
WALKENER HUDSON; JOHN D.     *
IRVING; ETHEL JACKSON;     *
TARJI M. JACKSON; CEPHUS L.     *
JOHNSON, JR.; MARIAN E.     *



STATE OF ALABAMA CO.
I CERTIFY THIS
PLEADING WAS FILED ON
2001 DEC 11   A 11: 20
CLERK CIRCUIT COURT

JOHNSON; CHARLES A.                          *
JOHNSTON, JR.; HOPE J. JONES;                *
TASKY M. JORDAN; CLAUDIA                     *
KIMBROUGH; ANDRE G. KING;                    *
DAN F. KING; PAMELA LAFFITTE;                *
YOLANDA T. LANE; FLOYD                       *
LANGER, JR.; REGINALD D. LAW;                *
ANDREW J. LEE; DeANGELA M.                   *
LOPER; JACQUELYN MANUEL;                     *
VERONICA MARSH;                              *
CHRISTOPHER MATTHEWS;                        *
GEORGIA M. McCANN;                           *
MICHAEL F. McCLINTON; GARY L.                *
McCONICO, SR.; ANNA L.                       *
McCONN; GLORIA P. McCOVERY;                  *
ASHANTA McGEE; EDGAR L.                      *
McKENZIE; RUTHIE McQUEEN;                    *
ESTER L. MITCHELL; LORRAINE                  *
CHARLES-MITCHELL; CINDY                      *
MONIGAN; YOLONDA MOORE;                      *
ARDECE V. MYRICK; JOHN T.                    *
NEESE; NICHOLAS J.                           *
O'DONOGHUE; TANGZANIKA L.                    *
OVERTON; NAKIMA PACKER;                      *
PEARLINE PATRICK;                            *
CHAROLETTE PATTERSON;                        *
TONY B. PATTERSON; SHANE E.                  *
PATTON; JO ANN PEAVY;                        *
ERIC PEOPLES; JESSIE L.                      *
PETTAWAY, JR.; ANISSA POPE;                  *
MARY L. PORTER; PAMELA D.                    *
POWE; FELECIA PRINCE;                        *
SHARRON R. PROWELL;                          *
LOLITA M. PUGH; EDGAR B.                     *
QUARLES, JR.; SANDRA RANKIN;                 *
EMILEY ROBINSON; KEITH A.                    *
ROBINSON; RANDAL M. ROCKER;                  *
TIMOTHY B. RUSSELL, JR.;                     *
MICHAEL M. SCOTT;                            *
ETTA HUNTER-SIGLER;                          *
DELMARIE D. SMITH;                           *
VALERIE R. SMITH; WILLIAM                    *
STEEN, JR.; ELMO D. STOVALL;                 *
DEMETRICE TATE; VICTORIA D.                  *
TAYLOR; JOE A. THOMPSON;                     *
LUCILLE THORNTON; CRYSTAL R.                 *

THREADGILL; GARY TILLMAN;                 *
ELLA D. TOLBERT; REGINALD L.              *
TRAYLOR; WILLIAM B.                       *
TREADWELL; DAN C. TUCKER;                 *
KEITH A. TURNER, SR.; BRENDA              *
WALKER; EDWARD A. WALKER;                 *
ERICA D. TURNER-WALKER;                   *
CAROL WASHINGTON;                         *
MARQUIS L. WESTRY; ABRAM                  *
WILLIAMS; CHRISTOPHER                     *
WILLIAMS;  HERBERT L.                     *
WILLIAMS; OSBIEN L. WILLIAMS;             *
TARRA M. WILLIAMS; SIDNEY H.              *
WILLIS; RODERICK YORK;                    *
PRISCILLA O. YOUNG;                       *
ROBIN K. ZIRLOTT,                         *
                                          *
            Plaintiffs,                   *
                                          *
vs.                                       *
                                          *
JACK TILLMAN, Sheriff of                  *
Mobile County, Alabama, and               *
THE MOBILE COUNTY                         *
COMMISSION, The Governing                 *
Body for Mobile County, Alabama,          *
                                          *
            Defendants.                   *
                                          *

## AMENDED COMPLAINT

### COUNT ONE

### CLAIMS FOR OVERTIME WAGE DAMAGES

COUNT ONE OF THIS COMPLAINT SEEKS DAMAGES, PURSUANT TO RULE 3.1(C) OF THE LAWS AND RULES OF THE PERSONNEL BOARD OF MOBILE COUNTY, ALABAMA, AND THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 207(A)(1), FOR OVERTIME WAGES DUE THE PLAINTIFFS FOR TIME WORKED IN EXCESS OF FORTY (40) PAID HOURS PER WORK WEEK.

1.     The Plaintiffs are employees or former employees of Mobile County who have worked as corrections officers or as Sergeants and Lieutenants at the Mobile County Metro Jail.

2.     the Defendant, Jack Tillman, is the duly elected Sheriff of Mobile County, Alabama at all relevant times.  The Defendant, Mobile County Commission, is a governmental entity designated by the Alabama Legislature.  At all relevant times, the Defendant Jack Tillman and the Defendant Mobile County Commission, were the employers of the Plaintiffs named in this Complaint and, at all relevant times, are subject to the Laws and Rules of the Personnel Board of Mobile County, Alabama, as provided in 1939 Alabama Local Act 470.  Rule 3.1(c) of the Personnel Board provides as follows:

> "PAYMENT FOR OVERTIME.  3.1(c)  All employees non-exempt from the provisions of the Fair Labor Standards Act <u>shall be compensated for overtime for all hours paid in excess of forty (40) hours per week at one and one half (1 ½) times the employees' hourly rate of pay</u>, or in the alternative, shall be awarded compensatory time in accordance with the provisions of said Act." (Emphasis added.)

The Plaintiffs aver that they are employees non-exempted from the provisions of the Fair Labor Standards Act.

3.     The Plaintiffs aver that the Mobile County Commission is an "employer" under the purview of the Fair Labor Standards Act, 29 U.S.C. § 207(a)(1), which provides:

> "(a)(1)  Except as otherwise provided in this section, <u>no employer shall employ any of his employees</u> who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in any enterprise engaged in commerce or in the

production of goods for commerce, <u>for a workweek longer than</u> <u>forty hours unless such employee receives compensation for his</u> <u>employment in excess of the hours above specified at a rate not</u> <u>less than one and one-half times the regular rate at which he is</u> <u>employed</u>." (Emphasis added.)

4.      The Plaintiffs, who are corrections officers, allege that they are required to work a 15 minute pre-shift roll call and are required to work 15 minutes on post-shift duties in excess of the scheduled 8 hour work shift, for which excess time they have not been compensated in accordance with Rule 3.1(c) of the Personnel Board Rules and § 207(a)(1) of the Fair Labor Standards Act.

5.      The Plaintiffs, who are Sergeants and Lieutenants, allege that they are required to work 30 minutes pre-shift and 30 minutes post-shift in excess of the scheduled 8 hour work shift, for which excess time they have not been compensated in accordance with Rule 3.1(c) of the Personnel Board Rules and § 207(a)(1) of the Fair Labor Standards Act.

6.      The Plaintiffs further allege, because of the "wilful" failure of the Defendant to compensate them for the overtime hours worked pursuant to 29 U.S.C. § 216(c), that they are entitled to the overtime compensation due them at one and one-half (1 1/2) times their regular hourly rate and, in addition thereto, an equal amount as liquidated damages for the three years next preceding the filing of this lawsuit. Further, the Plaintiffs allege that, pursuant to 29 U.S.C. § 216(c) of the Fair Labor Standards Act, they are entitled to a reasonable attorney fee for the prosecution of this claim and the costs of these proceedings.

WHEREFORE, the above premises considered, the Plaintiffs demand, pursuant to Rule 3.1(c) of the Personnel Board Rules and 29 U.S.C. § 207(a)(1) and § 216(c), damages against the Defendant for:  1) overtime wages due them for hours worked in excess of forty (40) paid hours in a work week at one and one-half (1 1/2) times their regular hourly rate; 2) an equal amount as liquidated damages for the three years next preceding the filing of this lawsuit; 3) a reasonable attorney fee for the prosecution of this action; and 4) the costs of these proceedings.

## COUNT TWO

IN COUNT TWO OF THIS COMPLAINT, THE PLAINTIFFS SEEK AN ORDER OF THIS COURT ENJOINING AND DIRECTING THE DEFENDANTS TO PAY OVERTIME WAGES IN THE FUTURE TO THE PLAINTIFFS FOR TIME WORKED IN EXCESS OF FORTY (40) PAID HOURS IN A WORK WEEK.

7.     The Plaintiffs re-allege and re-assert the allegations contained in paragraphs 1, 2, 3, 4, 5, and 6 of Count One of this Complaint.

8.     The Plaintiffs allege that they are entitled to be paid in the future in accordance with Rule 3.1(c) of the Laws and Rules of the Personnel Board of Mobile County, Alabama for all hours worked in excess of forty (40) paid hours in a work week at the rate of one and one-half (1 1/2) times the employees' hourly rate of pay.

9.     The Plaintiffs allege that they are entitled to be paid in the future in accordance with 29 U.S.C. § 207(a)(1) of the Fair Labor Standards Act for all hours worked in excess of forty (40) hours in a work week at a rate not less than one and one-half times the regular rate at which he/she is employed.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, the above premises considered, the Plaintiffs pray that the Court will enter an Order enjoining and directing the Defendants to pay overtime wages in the future to the Plaintiffs in accordance with Rule 3.1(c) of the Laws and Rules of the Personnel Board of Mobile County, Alabama, and 29 U.S.C. § 207(a)(1) of the Fair Labor Standards Act.

Respectfully submitted,

JOSEPH O. KULAKOWSKI, KUL002
Attorney for the Plaintiffs
254 North Conception Street
Post Office Box 2112
Mobile, Alabama  36652
Telephone Number (334) 433-9549
Facsimile Number (334) 433-9559

PLEASE HAVE SPECIAL PROCESS SERVER, DIANE CIEUTAT, SERVE THE DEFENDANT SHERIFF JACK TILLMAN, AS FOLLOWS:

>Mobile County Sheriff's Office
>Mobile County Courthouse
>Government Street
>Mobile, Alabama

PLEASE HAVE SPECIAL PROCESS SERVER, DIANE CIEUTAT, SERVE THE DEFENDANT MOBILE COUNTY COMMISSION BY SERVING SAM JONES, ITS PRESIDENT, AS FOLLOWS:

>Mobile County Commission
>Mobile Government Plaza
>205 Government Street
>Mobile, Alabama

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

ALBERT V. ABRAMS; TERENCE A.          *
ALLEN; GERALD G. ALLRED;              *
PAULA ANTONE; STANLEY M.              *
ARNOLD; DARRYL A. BENARD;             *
LEN L. BENDOLPH; MELISSA              *
BENDOLPH (LANG); ZSAQUEZ R.           *
BEVERLY; TAMMY BLACKMORE;             *
JAMES BREECH, IV; TAMARCUS            *
BREECH; GAIL D. BROWN;                *
KEITH BROWN; SHOMONA D.               *
BROWN; STEPHANIE Y.                   *
BURROWES; LAWARNER H.                 *     CASE NUMBER CV 99-___003326 W___
BUSH; ROSEMARY CALDWELL;              *
HAROLD CAWTHORNE;                     *
MARILYN W. CHAPMAN; DORA J.           *
CHESTANG; DAVETTE W. COBB;            *
DAVID DALLAS; MIRANDA DAVIS;          *
PAULINE A. DAVIS; RODERICK D.         *
DAVIS; GWENDOLYN R. DAY;              *
TIMOTHY A. DEMINGS; AUSTON L.         *
DURGIN; XAVIA P. EDWARDS;             *
ZELDA D. EDWARDS; TORINA D.           *
ELDRIDGE; MELISSA ESSEX;              *
KATONYA B. FROST; EDDIE               *
GAMBLE, III; GABRIEL GASTON;          *
BRIDGETTE D. GOODE;                   *
ERNEST C. GOODE, JR.;                 *
RODERICK L. GORDON, SR.;              *
VEBERLY A. GREEN; RIKKE H.            *
GRIFFIN; CLEON GULLEY;                *
MARTIN GWIN; ANTHONY D.               *
HARRIS; ROOSEVELT G. HARRIS;          *
TUNGLIA W. HAWKINS; BARON L.          *
HAYES; LEARA HENDERSON;               *
WANDA HENDERSON; DEBORAH              *
HENDRIX; CAROL B. HOLLOWAY;           *
TRACI HOLMES; MARCELLA                *
HOLTZ; MAURICE HOUSTON;               *
WALKENER HUDSON; JOHN D.              *
IRVING; ETHEL JACKSON;                *
TARJI M. JACKSON; CEPHUS L.           *
JOHNSON, JR.; MARIAN E.               *
JOHNSON; CHARLES A.                   *

JOHNSTON, JR.; HOPE J. JONES;          *
TASKY M. JORDAN; CLAUDIA               *
KIMBROUGH; ANDRE G. KING;              *
DAN F. KING; PAMELA LAFFITTE;          *
YOLANDA T. LANE; FLOYD                 *
LANGER, JR.; REGINALD D. LAW;          *
ANDREW J. LEE; DeANGELA M.             *
LOPER; JACQUELYN MANUEL;               *
VERONICA MARSH;                        *
CHRISTOPHER MATTHEWS;                  *
GEORGIA M. McCANN;                     *
MICHAEL F. McCLINTON; GARY L.          *
McCONICO, SR.; ANNA L.                 *
McCONN; GLORIA P. McCOVERY;            *
ASHANTA McGEE; EDGAR L.                *
McKENZIE; RUTHIE McQUEEN;              *
ESTER L. MITCHELL; LORRAINE            *
CHARLES-MITCHELL; CINDY                *
MONIGAN; YOLONDA MOORE;                *
ARDECE V. MYRICK; JOHN T.              *
NEESE; NICHOLAS J.                     *
O'DONOGHUE; TANGZANIKA L.              *
OVERTON; NAKIMA PACKER;                *
PEARLINE PATRICK;                      *
CHAROLETTE PATTERSON;                  *
TONY B. PATTERSON; SHANE E.            *
PATTON; JO ANN PEAVY;                  *
ERIC PEOPLES; JESSIE L.                *
PETTAWAY, JR.; ANISSA POPE;            *
MARY L. PORTER; PAMELA D.              *
POWE; FELECIA PRINCE;                  *
SHARRON R. PROWELL;                    *
LOLITA M. PUGH; EDGAR B.               *
QUARLES, JR.; SANDRA RANKIN;           *
EMILEY ROBINSON; KEITH A.              *
ROBINSON; RANDAL M. ROCKER;            *
TIMOTHY B. RUSSELL, JR.;               *
MICHAEL M. SCOTT;                      *
ETTA HUNTER-SIGLER;                    *
DELMARIE D. SMITH;                     *
VALERIE R. SMITH; WILLIAM              *
STEEN, JR.; ELMO D. STOVALL;           *
DEMETRICE TATE; VICTORIA D.            *
TAYLOR; JOE A. THOMPSON;               *
LUCILLE THORNTON; CRYSTAL R.           *
THREADGILL; GARY TILLMAN;              *

ELLA D. TOLBERT; REGINALD L.             *
TRAYLOR; WILLIAM B.                       *
TREADWELL; DAN C. TUCKER;                 *
KEITH A. TURNER, SR.; BRENDA              *
WALKER; EDWARD A. WALKER;                 *
ERICA D. TURNER-WALKER;                   *
CAROL WASHINGTON;                         *
MARQUIS L. WESTRY; ABRAM                  *
WILLIAMS; CHRISTOPHER                     *
WILLIAMS;  HERBERT L.                     *
WILLIAMS; OSBIEN L. WILLIAMS;             *
TARRA M. WILLIAMS; SIDNEY H.              *
WILLIS; RODERICK YORK;                    *
PRISCILLA O. YOUNG;                       *
ROBIN K. ZIRLOTT,                         *
                                          *
        Plaintiffs,                       *
                                          *
vs.                                       *
                                          *
THE MOBILE COUNTY                         *
COMMISSION, The Governing                 *
Body for Mobile County, Alabama,          *
                                          *
        Defendant.                        *
                                          *

### COMPLAINT

### COUNT ONE

### CLAIMS FOR OVERTIME WAGE DAMAGES

COUNT ONE OF THIS COMPLAINT SEEKS DAMAGES, PURSUANT TO RULE 3.1(C) OF THE LAWS AND RULES OF THE PERSONNEL BOARD OF MOBILE COUNTY, ALABAMA, AND THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 207(A)(1), FOR OVERTIME WAGES DUE THE PLAINTIFFS FOR TIME WORKED IN EXCESS OF FORTY (40) HOURS PER WORK WEEK.

1.     The Plaintiffs are employees or former employees of Mobile County who have worked as corrections officers or as Sergeants and Lieutenants at the Mobile County Metro Jail.

2.     The  Defendant,  Mobile  County  Commission,  is  a
governmental  entity  designated  by  the  Alabama  Legislature  and,  at  all
relevant  times,  the  employer  of  the  Plaintiffs  named  in  this  Complaint
and,  at  all  relevant  times,  subject  to  the  Laws  and  Rules  of  the  Personnel
Board  of  Mobile  County,  Alabama,  as  provided  in  1939  Alabama  Local
Act 470.  Rule 3.1(c) of the Personnel Board provides as follows:

> "PAYMENT  FOR  OVERTIME.   3.1(c)   All  employees  non-exempt
> from  the  provisions  of  the  Fair  Labor  Standards  Act  <u>shall  be
> compensated  for  overtime  for  all  hours  paid  in  excess  of  forty  (40)
> hours  per  week  at  one  and  one  half  (1 ½)  times  the  employees'
> hourly  rate  of  pay</u>,  or  in  the  alternative,  shall  be  awarded
> compensatory  time  in  accordance  with  the  provisions  of  said  Act."
> (Emphasis added.)

The  Plaintiffs  aver  that  they  are  employees  non-exempted  from  the
provisions of the Fair Labor Standards Act.

3.     The Plaintiffs aver that the Mobile County Commission is an
"employer"  under  the  purview  of  the  Fair  Labor  Standards  Act,  29  U.S.C.
§ 207(a)(1), which provides:

> "(a)(1)  Except  as  otherwise  provided  in  this  section,  <u>no  employer
> shall  employ  any  of  his  employees</u>  who  in  any  workweek  is  engaged
> in  commerce  or  in  the  production  of  goods  for  commerce,  or  is
> employed  in  any  enterprise  engaged  in  commerce  or  in  the
> production  of  goods  for  commerce,  <u>for  a  workweek  longer  than
> forty  hours  unless  such  employee  receives  compensation  for  his
> employment  in  excess  of  the  hours  above  specified  at  a  rate  not
> less  than  one  and  one-half  times  the  regular  rate  at  which  he  is
> employed</u>."  (Emphasis added.)

4.     The  Plaintiffs,  who  are  corrections  officers,  allege  that  they
are  required  to  work  a  15  minute  pre-shift  roll  call  and  are  required  to
work  15  minutes  on  post-shift  duties  in  excess  of  the  scheduled  8  hour

work shift, for which excess time they have not been compensated in accordance with Rule 3.1(c) of the Personnel Board Rules and § 207(a)(1) of the Fair Labor Standards Act.

5.    The Plaintiffs, who are Sergeants and Lieutenants, allege that they are required to work 30 minutes pre-shift and 30 minutes post-shift in excess of the scheduled 8 hour work shift, for which excess time they have not been compensated in accordance with Rule 3.1(c) of the Personnel Board Rules and § 207(a)(1) of the Fair Labor Standards Act.

6.    The Plaintiffs further allege, because of the "wilful" failure of the Defendant to compensate them for the overtime hours worked pursuant to 29 U.S.C. § 216(c), that they are entitled to the overtime compensation due them at one and one-half (1 1/2) times their regular hourly rate and, in addition thereto, an equal amount as liquidated damages for the three years next preceding the filing of this lawsuit. Further, the Plaintiffs allege that, pursuant to 29 U.S.C. § 216(c) of the Fair Labor Standards Act, they are entitled to a reasonable attorney fee for the prosecution of this claim and the costs of these proceedings.

WHEREFORE, the above premises considered, the Plaintiffs demand, pursuant to Rule 3.1(c) of the Personnel Board Rules and 29 U.S.C. § 207(a)(1) and § 216(c), damages against the Defendant for:  1) overtime wages due them for hours worked in excess of forty (40) hours in a work week at one and one-half (1 1/2) times their regular hourly rate; 2) an equal amount as liquidated damages for the three years next

preceding the filing of this lawsuit; 3) a reasonable attorney fee for the prosecution of this action; and 4) the costs of these proceedings.

## COUNT TWO

IN COUNT TWO OF THIS COMPLAINT, THE PLAINTIFFS SEEK AN ORDER OF THIS COURT ENJOINING AND DIRECTING THE DEFENDANT TO PAY OVERTIME WAGES IN THE FUTURE TO THE PLAINTIFFS FOR TIME WORKED IN EXCESS OF FORTY (40) HOURS IN A WORK WEEK.

7.     The Plaintiffs re-allege and re-assert the allegations contained in paragraphs 1, 2, 3, 4, 5, and 6 of Count One of this Complaint.

8.     The Plaintiffs allege that they are entitled to be paid in the future in accordance with Rule 3.1(c) of the Laws and Rules of the Personnel Board of Mobile County, Alabama for all hours worked in excess of forty (40) hours in a work week at the rate of one and one-half (1 1/2) times the employees' hourly rate of pay.

9.     The Plaintiffs allege that they are entitled to be paid in the future in accordance with 29 U.S.C. § 207(a)(1) of the Fair Labor Standards Act for all hours worked in excess of forty (40) hours in a work week at a rate not less than one and one-half times the regular rate at which he/she is employed.

## PRAYER FOR RELIEF

WHEREFORE, the above premises considered, the Plaintiffs pray that the Court will enter an Order enjoining and directing the Defendant to pay overtime wages in the future to the Plaintiffs in accordance with Rule 3.1(c) of the Laws and Rules of the Personnel Board of Mobile County, Alabama, and 29 U.S.C. § 207(a)(1) of the Fair Labor Standards Act.

Respectfully submitted,

JOSEPH G. KULAKOWSKI, KUL002
Attorney for the Plaintiffs
254 North Conception Street
Post Office Box 2112
Mobile, Alabama  36652
Telephone Number (334) 433-9549
Facsimile Number (334) 433-9559

PLEASE HAVE SPECIAL PROCESS SERVER, DIANE CIEUTAT, SERVE THE DEFENDANT MOBILE COUNTY COMMISSION BY SERVING SAM JONES, ITS PRESIDENT, AS FOLLOWS:

Mobile County Commission
Mobile Government Plaza
205 Government Street
Mobile, Alabama

EXHIBIT

To:         Lt. Lynn Mitchell
              Lt. Roderick York
              Lt. Gerald Allred
              Lt. Nina Woods

From:       Rick Gaston, Warden

Date:        March 17, 1998

Re:          Tardiness of Employees


In accordance with SOP 1.3.20 all shift personnel are to be in the shift briefing room 15 minutes prior to the starting time of each shift.

I am still continuing to see personnel dragging in late.  The shift briefing door shall be locked at the appropriate time.

Each shift lieutenant or their shift sergeant is directed to counsel all personnel who are not on time.  The shift supervisor will log in the daily payroll sheet submitted to administration who is late and the time they arrive.

The next letter I write on this matter will be disciplinary action against the shift supervisors. Shift lieutenants had better notify their sergeants.

Warden Rick Gaston

_____
Warden Rick Gaston

RG/kbf

cc:         Deputy Warden Jim Owens
           Lt. Omar Smith

*EXHIBIT*

| | | |
|---|---|---|
| **Chapter 1:** | Administration And Management | No. **1.3.20** |
| **Section 3:** | Personnel | |
| **Subject 20:** | **Shift Briefings** | |
| **Procedure(s):** | A - B | |
| **Effective Date:** | February 27, 1995 | |

**Authorizing Signature:**_____

Jack S. Tillman, Sheriff, Mobile County, Alabama

**Policy:**  **Maintaining detailed communication between all shifts of the Mobile County Metro Jail is essential to the facility's security and its efficient operation.  Therefore, shift briefings are held daily for the sharing of important information between shifts.**

## Reference

ACA Adult Local Detention Facilities 3rd edition (3-ALDF)

None

Alabama County Jail Standards

None

National Commissioh on Correctional Health Care

None

## General Information

1.  Shift briefings occur in the Briefing Room 15 minutes prior to the starting time of each shift:

   2245  Midnight Shift    (1st)
   0645  Day Shift         (2nd)
   1445  Evening Shift     (3rd)

2.  When staff Members arrive at Shift Briefing they sign the Employee Time Sheet.

3.  Briefings and pass-on information routinely consists of items including, but

not limited to: scheduled releases, classification moves, SOP changes, major incidents, information included in the Shift Commander's Log and other information necessary for staff to safely and effectively perform their jobs.

4.    Shift Briefings are conducted by a Shift Commander, in his absence a Security Supervisor is assigned.

## Definitions

**Shift -** A scheduled time period of work, midnight shift (1st) 2300 to 0700, day shift (2nd) 0700 to 1500, and evening shift (3rd) 1500 to 2300.

**Shift Commander -** A Lieutenant assigned to oversee the security and safety of inmates and Staff Members in this facility.

**Shift Commanders Log -** A daily log completed by each Shift Commander used to document information which requires staff attention and is passed on to the following shift.

**Security Supervisor -** A Sergeant assigned to ensure that all Staff Members follow the Policy and Procedures and that Pods, Corridors, Recreation Yards, and Nurse Stations are ran in a safe and secure manner.

## Forms

**MCMJ-F91.100**    Employee Time Sheet

## Procedures

**Procedure  A:**   Routine Briefings

1.    At the scheduled time, the Shift Commander being relieved, the Shift Commander coming on duty and the staff assigned to work the oncoming shift, report to the Shift Briefing Room.

2.    The Shift Commander being relieved, brings the Shift Commander's Log to the Shift Briefing Room.

3.    The Shift Commander being relieved, reads the pass-on information he has recorded in the Shift Commander's Log and answers any questions if asked.

4.    When the Shift Commander being relieved, has finished reading his pass-on information and all questions have been answered, he gives the Shift Commander's Log to the Shift Commander coming on duty and returns to

his other duties.

5.    The Shift Commander coming on duty announces each Officer's job assignment.

6.    The Shift Commander coming on duty also announces any specific information necessary to the operation of the shift, which was not included in the pass-on information from the previous shift.

7.    The Shift Commander and Officers report to their assigned posts.

**Procedure   B:   <u>Special Briefings</u>**

1.    The Chief Deputy for Detention or his designee may call a special briefing in order to inform and/or discuss with staff, a particular issue or situation.

2.    The Chief notifies staff, via memo, at least 24 hours in advance, when possible, or contacts staff directly.

3.    The Chief shares the information and answers any questions if asked.

4.    The Shift Commander, during whose shift the briefing occurs, records a summary of the meeting in the Shift Commander's Log.