IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION FILED MAR 21 '02 PM 2 40 USDCALS

| | |
|---|---|
| ALBERT V. ABRAMS, et al, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CASE NO. 02-12-BH-C |
| | ) |
| JACK TILLMAN, et al, | ) |
| | ) |
| Defendants. | ) |

## ORDER

This action is before the Court on the Defendants' motions (Docs. 7 & 9) to dismiss for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. Pro. 12(b)(1) (2002), and for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6), and on the Plaintiff's response/motion to remand (Doc. 16). Also pending is the Plaintiff's motion (Doc. 18) to add more plaintiffs, pursuant to Rule 20. For the reasons that follow, the Defendant's Rule 12(b)(1) motions (Docs. 7 & 9) *and* the Plaintiff's motion (Doc. 16) are **due to be GRANTED**, and the case is **due to be REMANDED** to the Circuit Court of Mobile County. Because the Court is without jurisdiction to rule on the motion at (Doc. 18), the motion is **MOOT** in this Court, and should be addressed to the Mobile County Circuit Court on remand.

The Defendants removed this case from Mobile County Circuit Court, pursuant to 28

U.S.C. §1441(b) (2002) ("arising under"-jurisdiction removal), asserting federal jurisdiction pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*. *See* (Doc. 1) (Notice of Removal). The Defendants then filed motions (Docs. 7 & 9) asking this Court, *inter alia*, to dismiss the case for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1). In support of their motions to dismiss for lack of subject matter jurisdiction, the Defendants argue:

1. This Court does not have subject matter jurisdiction over the claims the Plaintiffs bring against Sheriff Tillman, because under the sovereign immunity principles applied in *Alden v. Maine*, 527 U.S. 706 (1999) (where an FLSA suit filed by Maine state probation officers against Maine was dismissed on sovereign immunity grounds), the sheriff is not susceptible to suit by private parties in federal court, as Alabama has not consented to FLSA suits, and

2. This Court does not have subject matter jurisdiction over the claims the Plaintiffs bring against the Mobile County Commission, because the FLSA only gives federal courts the power to decide employee's claims against "employers" or "appointing authorities," and the Plaintiffs are not in this relationship to the County Commission.[1]

---

[1] This is perhaps better expressed as grounds for a Rule 12(b)(6) failure-to-state-a-claim dismissal. However, under either Rule 12(b)(1) or (6), the result is the same: the Plaintiffs' claims against the County Commission are due to be dismissed from federal court to the state court, and the Court would decline to exercise supplemental jurisdiction over and reach the merits of any state or local-law claims, pursuant 28 U.S.C. § 1367(c)(3) ("The district courts

2

*See* (Doc. 8) (Sheriff Tillman's brief in support of his motion) *and* (Doc. 10) (County Commission's brief in support if it's motion).

The Plaintiff concedes that both of these arguments are correct, and that the motions to dismiss are due to be granted. (Doc. 16, ¶ 8) ("The Plaintiffs stipulate that there is a lack of subject matter jurisdiction in this cause as it relates to the [FLSA] claims of the Plaintiffs and further stipulate that the complaint fails to state a [FLSA] claim upon which relief can be granted as to the Sheriff and the Mobile County Commission.").

Since both parties agree that this Court has no jurisdiction over this case, the proper course is to remand the case back to the court from which it was removed, the Mobile County Circuit Court. 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). For this reason, the case is **due to be and is hereby REMANDED to the Circuit Court for Mobile County.**

**SO ORDERED** this _21st_ day of March, 2002

_____
SENIOR DISTRICT JUDGE

---

may decline to exercise supplemental jurisdiction over a claim ... if– ... the district court has dismissed all claims over which it has original jurisdiction").